UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JERRY HASKINS, | ) |
| Plaintiff, | ) Case: 4:23-cv-04188 |
| v. | ) |
| LEGACY CORPORATION OF IL | ) |
| -AND- | ) |
| BLAKE A. ENLOE (Individually), | ) Jury Trial Demanded |
| Defendants. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Jerry Haskins ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Legacy Corporation of IL and Blake A. Enloe (individually) ("Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendants' failure to pay minimum wages and overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants' did not pay them overtime wages at a rate of one and one-half times their regular rate of pay. Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime wage case is attached hereto as Exhibit "A."

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendants' failure to pay minimum wages and overtime wages to Plaintiff and other similarly situated persons.

3. Plaintiff's consent form to act as representative party plaintiff in this FLSA and IMWL minimum wage case is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5. Venue of this action properly lies in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II and IV through 28 U.S.C. §1367.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Jerry Haskins resided in Rock Island County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Legacy Corporation of IL is a corporation doing business in and for Rock Island County, whose address is 16322 Barstow Road, East Moline, IL, 61264.

9. At all times material to the allegations in this Complaint, Defendant Blake A. Enloe conducted business in Rock Island County in the State of Illinois. His registered address is 16322 Barstow Road, East Moline, IL, 61264.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff was hired by Defendants as a Welder (a non-exempt employee) in or around July 2022.

11. Plaintiff was employed by Defendants in this capacity until his unlawful

termination on or about August 28, 2023.

12. Plaintiff's job duties included, but were not limited to, repairing tailboats, excavators, and other equipment and machinery.

13. Plaintiff performed a specific job which was an integral part of the business of Defendants.

14. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

15. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

16. Defendant Legacy Corporation IL was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

17. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer." Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

18. Upon information and belief, Defendant Legacy Corporation of IL is owned and operated by Defendant Blake A. Enloe.

19. As owner, Defendant Enloe held a position of power over Plaintiff and controlled his work and job opportunities.

20. Further, Defendant Enloe, as owner, had both the responsibility and ability to pay Plaintiff in accordance with FLSA and IMWL requirements.

21. Plaintiff routinely worked over forty (40) hours or more in a work week.

22. For example, in the week of August 21, 2023 to August 27, 2023 Plaintiff worked 82.08 hours.

23. Only 2 of these hours were designated as overtime hours.

24. In the week of June 26, 2023 – July 2, 2023 Plaintiff worked 51.55 hours.

25. In most if not all work-weeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

26. Not only was Plaintiff not properly paid overtime, but he is also owed promised, non-discretionary bonuses and prevailing wages.

27. Upon information and belief, Plaintiff is owed at least $20,000.00 of prevailing wages and unpaid bonuses.

28. On or about August 25, 2023, Plaintiff engaged in protected activity by complaining to his supervisor, Steven Foster, about the continuing wage violations.

29. Mr. Foster ensured Plaintiff that he would be paid bonuses the following week, which never occurred.

30. Further, Mr. Foster ignored the minimum wage and overtime violations, and took no action to remedy this situation.

31. Following Plaintiff's engagement in protected activity, on or about August 27, 2023, Plaintiff received an email from Defendants' Human Resources (HR) Department stating that they accepted his decision to resign.

32. Plaintiff was highly confused, and contacted HR to inform them that he had not resigned, nor did he plan to.

33. Plaintiff received no response and therefore reported to work as normal the

following day.

34. However, adding insult to injury, upon his arrival, Plaintiff was informed to immediately leave the job premises or he would be reported for trespassing.

35. Plaintiff, perplexed, asked what was happening.

36. Defendants' once again told Plaintiff to leave and callously told him he was no longer employed.

37. Plaintiff's sudden, shocking loss of his employment added to his stress and further exacerbated the financial strain he was under due to not being paid his proper wages.

38. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

39. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff minimum wage for all hours worked.

40. As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid minimum wage, promised bonuses, and overtime.

41. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

### §206(a) COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff asserts his Count I under the FLSA, pursuant to 29 §206(a) on behalf of Plaintiff and on behalf of all similarly situated employees currently and formerly employed by Defendant.

43. Pending any modifications necessitated by discovery, Plaintiff preliminarily

defines the following class as follows:

**206(a) Class: All current and former non-exempt non-salaried employees of Legacy Corporation of IL who were not compensated at least minimum wages for all hours worked.**

44. All potential §206(a) Class Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff asserts his claims, pursuant to 29 § 216(b) on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants.

46. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Legacy Corporation of IL who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

47. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
**Violation of the Fair Labor Standards Act – Failure to Pay Overtime**
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

48. Plaintiff hereby repeats and incorporates paragraphs 1-47 as if set forth fully herein.

49. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly

situated employees for all time worked in excess of forty (40) hours in individual workweeks.

50. During the course of his employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

51. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

52. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

53. Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

54. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

### COUNT II
**Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime**
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

55. Plaintiff hereby repeats and incorporates paragraphs 1-47 as if set forth fully herein.

56. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

57. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

58. Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS

105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

59.  Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-half times his normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

60.  Plaintiff hereby repeats and incorporates paragraphs 1-47 as if set forth fully herein.

61.  This count arises from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiff and all other similarly situated employees for all time worked.

62.  During the course of his employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

63.  Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, and were not paid for all hours worked.

64.  Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff and all other similarly situated employees worked they were entitled to be compensated at a rate 100% of their regular rate of pay.

65.  Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

66.  Defendants' failure and refusal to pay minimum wages for all hours worked was a

violation of the Fair Labor Standards Act, 29 U.S.C. §206.

67. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees minimum wage pay for all times worked.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wage Violation
### (Plaintiff on his own behalf and on behalf of all similarly-situated employees)

68. Plaintiff hereby repeats and incorporates paragraphs 1-47 as if set forth fully herein.

69. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

70. The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

71. Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the minimum of $13.00 per hour for all work.

72. Defendant violated the IMWL by refusing to compensate Plaintiff for all hours worked; in fact, Defendant has paid Plaintiff no sum at all for many of his hours worked.

73. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

## COUNT V
### Violation of the Fair Labor Standards Act – Retaliation
### (Plaintiff, individually)

74. Plaintiff hereby repeats and incorporates paragraphs 1-47 as if set forth fully herein.

75. This count arises from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their retaliation against Plaintiff for engaging in protected activity.

76. During the course of his employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

77. Plaintiff was directed by Defendants to work, and did work, and was not paid for all hours worked.

78. Pursuant to 29 U.S.C. §215, Plaintiff engaged in protected activity under the FLSA when he complained to Defendants about the continuing wage violations.

79. As such, Plaintiff was protected from retaliation under the FLSA as a result of his inquiries about wages owed.

80. Plaintiff suffered an adverse employment action when he was terminated.

81. As a direct and proximate result of Plaintiff's complaints about Defendants' failure to pay Plaintiff his wages owed, Plaintiff was terminated on or about August 28, 2023.

82. Defendants' failure and refusal to pay minimum wages for all hours worked following Plaintiff's engagement in protected activity was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §215.

83. As a direct and proximate result of the violations described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, pray for a judgment against Defendants as follows:

    a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours

worked in excess of forty (40) hours in individual workweeks;

b. Liquidated damages in an amount equal to the amount of compensation found due;

c. Reasonable attorneys' fees and costs incurred in filing this action; and

d. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of October, 2023.

Respectfully submitted,

*/s/ Alexander Taylor, Esq.*
**ALEXANDER TAYLOR, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*